IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT HARRIS,

        Plaintiff,        1: 08 CV 1471 WMW PC

   vs.               ORDER TO SHOW CAUSE

CALIFORNIA DEPARTMENT OF
CORRECTIONS AND REHABILITATION,

        Defendant.

     On November 7, 2008, the court sent to Plaintiff a form for consent or decline of Magistrate Judge jurisdiction.  The form directed Plaintiff to complete and return the form to the court within thirty days.  Plaintiff has not returned the form.

     Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.

1   See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with

2   local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to

3   comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-

4   41 (9th Cir. 1988)(dismissal for failure to comply with local rule requiring pro se plaintiffs to

5   keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir.

6   1987)(dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421,

7   1424 (9th Cir. 1986)(dismissal for failure to lack of prosecution and failure to comply with local

8   rules).

9        In determining whether to dismiss an action for lack of prosecution, failure to obey a

10   court order, or failure to comply with local rules, the court must consider several factors: (1) the

11   public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket;

12   (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on

13   their merits; and (5) the availability of less drastic alternatives.  Thompson, 782 F.2d at 831;

14   Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali,

15   46 F.3d at 53.

16        In the instant case, the court finds that the public's interest in expeditiously resolving this

17   litigation and the court's interest in managing the docket weigh in favor of dismissal.  The third

18   factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of

19   injury arises from the occurrence of unreasonable delay in prosecuting an action.  Anderson v.

20   Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public policy favoring

21   disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal

22   discussed herein.  Finally, a court's warning to a party that his failure to obey the court's order

23   will result in dismissal satisfies the "consideration of alternatives" requirement.  Ferdik v.

24   Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424.

25        Accordingly, IT IS HEREBY ORDERED that Plaintiff is directed to show cause, within

26

2

1   thirty days of the date of service of this order, why this action should not be dismissed for his

2   failure to obey a court order.

3   IT IS SO ORDERED.

4   **Dated:**   **January 16, 2009**                **/s/  William M. Wunderlich**
                                           UNITED STATES MAGISTRATE JUDGE